FILED - GR
July 27, 2009 12:25 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _rmw___/_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

KEVIN M. LARGE,  )
on behalf of plaintiff and the class )
defined herein, )
 )
        Plaintiff, )
 )
v. )
 )
LVNV FUNDING LLC; )
RESURGENT CAPITAL SERVICES, L.P.; )
ALEGIS GROUP LLC; and )
PLAINS COMMERCE BANK; )
 )
        Defendants. )

**1:09-cv-689**

**Janet T. Neff**
**U.S. District Judge**

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Kevin M. Large brings this action to secure redress against unlawful collection practices engaged in by defendants LVNV Funding LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group LLC ("Alegis"), and Plains Commerce Bank ("PCB"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants' collection communications were received in this District.

## PARTIES

3. Plaintiff Kevin M. Large resides in Kalamazoo, Michigan.

4. Defendant Resurgent is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville, SC 29601. It does or transacts business in Michigan.

5. Defendant Resurgent operates a collection agency.

6. Defendant Resurgent holds one or more collection agency licenses.

1

7. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

8. Defendant Resurgent is a debt collector as defined in the FDCPA.

9. Defendant Alegis Group LLC is a limited liability company chartered under the law of Delaware with its principal place of business located at 9700 Richmond, Suite 16C, Houston, TX 77042.

10. Defendant Alegis Group LLC is the general partner of Resurgent.

11. The acts of Resurgent are attributable to Alegis Group LLC.

12. Defendant LVNV is a limited liability company with its principal offices at 5348 Vegas Drive, Las Vegas, NV 89108. It does or transacts business in Michigan.

13. Defendant LVNV Funding, LLC is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

14. Defendant LVNV Funding, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

15. Defendant LVNV Funding, LLC then attempts to collect the purchased debts, either directly or through others, such as Resurgent.

16. Defendant LVNV Funding, LLC has been the plaintiff in more than 2,000 collection lawsuits that have been pending during the year prior to the filing of this action.

17. Defendant LVNV Funding, LLC regularly uses the mails and telephones in the process of collecting the debts it purchases.

18. Defendant LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

19. Defendant LVNV states on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt

purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

20. Defendant LVNV also states on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

21. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group. On information and belief, based on published news reports, many of the personnel are the same for both entities.

22. On information and belief, based on the Resurgent web site, defendant Resurgent directed the collection activity complained of herein.

23. Defendant Resurgent is a debt collector as defined in the FDCPA.

24. Defendant PCB is a bank chartered under the law of South Dakota with offices at 220 Main Street, Hoven, SD 57450. It does or transacts business in Michigan.

25. Defendant PCB regularly collects or attempts to collect, directly or indirectly, consumer debts originally owed or due or asserted to be owed or due to others, through the refinancing program described below.

26. Defendant PCB uses the mails in connection with the refinancing program.

27. Defendant PCB is a debt collector as defined by the FDCPA in connection with the alleged debts of plaintiff and the class members.

## FACTS RELATING TO PLAINTIFF

28.     In late August 2008, plaintiff received in the mail the document attached as Exhibit A. The envelope is postmarked August 22, 2008.

## REFINANCING PROGRAM

29.     Defendants, acting in concert, devised and implemented a refinancing program for the purpose of collecting delinquent debts allegedly owned by LVNV. Consumers were informed of the refinancing program and the terms of the new credit card by means of the material in Exhibit A.

30.     Most or all of the debts that were the subject of the refinancing program were beyond the applicable statute of limitations, unprovable, barred by the statute of frauds, or otherwise legally unenforceable.

31.     Exhibit A states that "This is an opportunity for you to receive a PRE-APPROVED Visa credit card and address your debt at the same time." Under this "opportunity," the consumer opens a new Visa credit card account with PCB. "You can pay your $3531.97 debt in full by balance transferring $3,000.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $531.97 will be forgiven." The consumer then makes payments on the new credit card.

32.     Exhibit A is required to comply with the FDCPA, because it represents an attempt to collect a delinquent consumer debt.

33.     Exhibit A is also required to comply with the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and Federal Reserve Board Regulation Z, because the collection of the debt is to be effectuated by refinancing the debt and Exhibit A is a solicitation for the refinancing product.

34.     The reverse of Exhibit A contains TILA disclosures.

35.     Exhibit A contains what purports to be a complete and comprehensive list of all finance charges and fees applicable to the account.

36. Nowhere in Exhibit A is there any mention of any prepaid finance charge to be deducted from the proceeds of the credit.

37. Exhibit A was sent to consumers by Resurgent on behalf of LVNV and PCB.

38. On information and belief, each of the defendants was aware of and approved of all of the material in Exhibit A.

39. Exhibit A offers credit terms which, if they truthfully reflected the cost of credit, may appear attractive to the debtor.

40. The contents of Exhibit A were materially false, and omitted material terms necessary to make the statements made not misleading.

41. Exhibit A did not disclose that PCB would withhold a substantial sum from the proceeds of the credit extended, indeed, amounting to most of the credit extended.

42. Based on industry practices, less than 20% of the amount of credit extended by PCB is actually disbursed to LVNV. The balance is retained by PCB.

43. TILA and Regulation Z regulate the advertising of credit products, including initial solicitations for credit cards sent to consumers. 15 U.S.C. §1637(a), (c). 12 C.F.R. §226.5a.

44. The amount withheld by PCB is a finance charge, required to be disclosed as such in Exhibit A by TILA and Regulation Z.

45. Regulation Z, 12 C.F.R. §226.2(a)(23), states that "Prepaid finance charge means any finance charge paid separately in cash or by check before or at consummation of a transaction, **or withheld from the proceeds of the credit at any time.**" (Emphasis added)

46. Consumers who own homes and also owe delinquent debts frequently encounter situations where, as a condition of refinancing the home, the new lender requires that some or all of the delinquent debts be repaid from the proceeds of the refinancing. Generally this is done to protect the lender's security against potential judgments or to reduce the consumer's monthly payments.

47. In this familiar situation, 12 C.F.R. §226.2(a)(23) requires that the amount

actually disbursed by the new lender to the creditor be included in the amount financed, and that any consideration retained by the lender be treated as a finance charge and a prepaid finance charge.

48. The fact that the refinancing is carried out by issuing a credit card instead of a mortgage loan does not alter the result. The definitions of finance charge and prepaid finance charge are the same. Any amount withheld from the proceeds of the credit and put in the lender's pocket is a finance charge and a prepaid finance charge that must be disclosed as such.

49. This prepaid finance charge is the largest finance charge applicable to the account offered in Exhibit A. The omission of this finance charge, while providing a purportedly complete and comprehensive list of applicable finance charges and fees, and representing that $3,000 or the $3,531.97 balance will be "transferred" to the new credit card, is fraudulent.

50. The credit terms "disclosed" in Exhibit A are false and fraudulent when compare to the actual cost of the proposed credit.

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a class.

52. The class consists of (a) all natural persons with Michigan, Ohio, Kentucky or Tennessee addresses (b) who were sent a solicitation to refinance a credit card balance, whether in the form represented by Exhibit A or otherwise (c) which solicitation did not disclose as a prepaid finance charge amounts to be included in the new credit card balance but not disbursed to the addressee's creditor, (d) which solicitation was sent on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

53. The class members are so numerous that joinder is impracticable.

54. On information and belief, there are more than 50 natural persons with Michigan, Ohio, Kentucky or Tennessee addresses who were sent a solicitation to refinance a credit card balance, whether in the form represented by Exhibit A or otherwise, which solicitation did not disclose as a prepaid finance charge amounts to be included in the new credit card balance but not disbursed to the addressee's creditor, which solicitation was sent on or after a date one year prior

to the filing of this action, and on or before a date 20 days after the filing of this action.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether Exhibit A misrepresents the terms of the proposed credit;

    b. Whether sending such material for the purpose of inducing refinancing of a delinquent consumer debt violates the FDCPA.

56. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
_____
Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23167\Pleading\Complaint_Pleading.wpd