UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN M. LARGE, on behalf of plaintiff and the class named herein, | ) ) ) |
| Plaintiff, vs. | ) ) ) No.: 1:09-CV-689-JTN |
| LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, L.P.; ALEGIS GROUP LLC; and PLAINS COMMERCE BANK, Defendants. | ) ) Judge Janet T. Neff ) ) ) ) ) |

# EXHIBIT 2

5a(a) General Rules

5a(a)(2) Form of Disclosures

1. *Clear and conspicuous standard.* For purposes of § 226.5a disclosures, *clear and conspicuous* means in a reasonably understandable form and readily noticeable to the consumer. As to type size, disclosures in 12-point type are deemed to be readily noticeable for purposes of § 226.5a. Disclosures printed in less than 12-point type do not automatically violate the standard; however, disclosures in less than 8-point type would likely be too small to satisfy the standard. Disclosures that are transmitted by electronic communication are judged for purposes of the clear and conspicuous standard based on the form in which they are provided even though they may be viewed by the consumer in a different form.

2. *Prominent location.* i. *Generally.* Certain of the required disclosures provided on or with an application or solicitation must be prominently located. Disclosures are deemed to be prominently located, for example, if the disclosures are on the same page as an application or solicitation reply form. If the disclosures appear elsewhere, they are deemed to be prominently located if the application or solicitation reply form contains a clear and conspicuous reference to the location of the disclosures and indicates that they contain rate, fee, and other cost information, as applicable. Disclosures required by § 226.5a(b) that are placed outside the table must begin on the same page as the table but need not end on the same page.

ii. *Electronic disclosures .Electronic* disclosures are deemed to be prominently located if:

A. They are posted on a web site and the application or solicitation reply form is linked to the disclosures in a manner that prevents the consumer from by-passing the disclosures before submitting the application or reply form; or

B. They are located on the same page as an application or solicitation reply form, that contains a clear and conspicuous reference to the location of the disclosures and indicates that they contain rate, fee, and other cost information, as applicable.

3. *Multiple accounts or varying terms.* If a tabular format is required to be used, card issuers offering several types of accounts may disclose the various terms for the accounts in a single table or may provide a separate table for each account. Similarly, if rates or other terms vary from state to state, card issuers may list the states and the various disclosures in a single table or in separate tables.

4. *Additional information.* The table containing the disclosures required by § 226.5a should contain only the information required or permitted by this section. (See the commentary to § 226.5a(b) for guidance on information permitted in the table.) Other credit information may be presented on or with an application or solicitation, provided such information appears outside the required table.

5. *Location of certain disclosures.* A card issuer has the option of disclosing any of the fees in § 226.5a(b) (8) through (10) in the required table or outside the table.

6. *Terminology.* In general, § 226.5a(a)(2)(iv) requires that the terminology used for the disclosures specified in § 226.5a(b) be consistent with that used in the disclosures under §§ 226.6 and 226.7. This standard requires that the § 226.5a(b) disclosures be close in meaning to those under §§ 226.6 and 226.7; however, the terminology used need not be identical. In addition, § 226.5a(a)(2)(i) requires that the headings, content, and format of the tabular disclosures be substantially similar, but need not be identical, to the tables in Appendix G. A special rule applies to the grace period disclosure, however: the term "grace period" must be used, either in the heading or in the text of the disclosure.

7. *Deletion of inapplicable disclosures.* Generally, disclosures need only be given as applicable. Card issuers may, therefore, delete inapplicable headings and their corresponding boxes in the table. For example, if no transaction fee is imposed for purchases, the disclosure form may contain the heading "Transaction fee for purchases" and a box showing "none," or the heading and box may be deleted from the table. There is an exception for the grace period disclosure, however; even if no grace period exists, that fact must be stated.

8. *Form of electronic disclosures provided on or with electronic applications or solicitations.* Card issuers must provide the disclosures required by this section on or with a blank application or reply form that is made available to the consumer in electronic form, such as on a card issuer's Internet Web site. Card issuers have flexibility in satisfying this requirement. Methods card issuers could use to satisfy the requirement include, but are not limited to, the following examples:

i. The disclosures could automatically appear on the screen when the application or reply form appears;

ii. The disclosures could be located on the same Web page as the application or reply form (whether or not they appear on the initial screen), if the application or reply form contains a clear and conspicuous reference to the location of the disclosures and indicates that the disclosures contain rate, fee, and other cost information, as applicable;

iii. Card issuers could provide a link to the electronic disclosures on or with the application (or reply form) as long as consumers cannot bypass the disclosures before submitting the application or reply form. The link would take the consumer to the disclosures, but the consumer need not be required to scroll completely through the disclosures; or

iv. The disclosures could be located on the same web page as the application or reply form without necessarily appearing on the initial screen, immediately preceding the button that the consumer will click to submit the application or reply.

Whatever method is used, a card issuer need not confirm that the consumer has read the disclosures. For disclosures required to be provided in tabular form, card issuers must satisfy the requirements with respect to electronic disclosures set forth in comment 5a(a)(2)--2(ii).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN M. LARGE, on behalf of plaintiff and the class named herein,<br><br>    Plaintiff,<br>vs.<br><br>LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, L.P.; ALEGIS GROUP LLC; and PLAINS COMMERCE BANK,<br>    Defendants. | No.: 1:09-CV-689-JTN<br><br>Judge Janet T. Neff |

# EXHIBIT 3

### Section 226.4--Finance Charge

*4(a) Definition.*

1. *Charges in comparable cash transactions.* Charges imposed uniformly in cash and credit transactions are not finance charges. In determining whether an item is a finance charge, the creditor should compare the credit transaction in question with a similar cash transaction. A creditor financing the sale of property or services may compare charges with those payable in a similar cash transaction by the seller of the property or service.

i. For example, the following items are not finance charges:

A. Taxes, license fees, or registration fees paid by both cash and credit customers.

B. Discounts that are available to cash and credit customers, such as quantity discounts.

C. Discounts available to a particular group of consumers because they meet certain criteria, such as being members of an organization or having accounts at a particular financial institution. This is the case even if an individual must pay cash to obtain the discount, provided that credit customers who are members of the group and do not qualify for the discount pay no more than the nonmember cash customers.

D. Charges for a service policy, auto club membership, or policy of insurance against latent defects offered to or required of both cash and credit customers for the same price.

ii. In contrast, the following items are finance charges:

A. Inspection and handling fees for the staged disbursement of construction loan proceeds.

B. Fees for preparing a Truth in Lending disclosure statement, if permitted by law (for example, the Real Estate Settlement Procedures Act prohibits such charges in certain transactions secured by real property).

C. Charges for a required maintenance or service contract imposed only in a credit transaction.

iii. If the charge in a credit transaction exceeds the charge imposed in a comparable cash transaction, only the difference is a finance charge. For example:

A. If an escrow agent is used in both cash and credit sales of real estate and the agent's charge is $100 in a cash transaction and $150 in a credit transaction, only $50 is a finance charge.

2. *Costs of doing business.* Charges absorbed by the creditor as a cost of doing business are not finance charges, even though the creditor may take such costs into consideration in determining the interest rate to be charged or the cash price of the property or service sold. However, if the creditor separately imposes a charge on the consumer to cover certain costs, the charge is a finance charge if it otherwise meets the definition. For example:

• A discount imposed on a credit obligation when it is assigned by a seller-creditor to another party is not a finance charge as long as the discount is not separately imposed on the consumer. (See § 226.4(b)(6).)

• A tax imposed by a state or other governmental body on a creditor is not a finance charge if the creditor absorbs the tax as a cost of doing business and does not separately impose the tax on the consumer. (For additional discussion of the treatment of taxes, see other commentary to § 226.4(a).)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN M. LARGE, on behalf of plaintiff and the class named herein, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No.: 1:09-CV-689-JTN |
| LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, L.P.; ALEGIS GROUP LLC; and PLAINS COMMERCE BANK, ) ) ) ) ) | Judge Janet T. Neff |
| Defendants. ) | |

# EXHIBIT 4

Section 226.5a Credit and Charge Card Applications and Solicitations

1. General. Section 226.5a generally requires that credit disclosures be contained in application forms and preapproved solicitations initiated by a card issuer to open a credit or charge card account. (See the commentary to § 226.5a(a)(3) and (e) for exceptions; see also § 226.2(a)(15) and accompanying commentary for the definition of charge card.)

2. Combining disclosures. The initial disclosures required by § 226.6 do not substitute for the disclosures required by § 226.5a; however, a card issuer may establish procedures so that a single disclosure statement meets the requirements of both sections. For example, if a card issuer in complying with § 226.5a(e)(2) provides all the applicable disclosures required under § 226.6, in a form that the consumer may keep and in accordance with the other format and timing requirements for that section, the issuer satisfies the initial disclosure requirements under § 226.6 as well as the disclosure requirements of § 226.5a(e)(2). Or if, in complying with § 226.5a(c) or § 226.5a(d)(2), a card issuer provides an integrated document that the consumer may keep, and provides the § 226.5a disclosures (in a tabular format) along with the additional disclosures required under § 226.6 (presented outside of the table), the card issuer satisfies the requirements of both §§ 226.5a and 226.6.